IN UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA
Civil Division

|  |  |
|---|---|
| MICHAEL ALETUM, ) | |
| ) | |
| Plaintiff, ) | Case No. 1:21-cv-02179 |
| ) | |
| v. ) | Jury Trial Demand |
| ) | |
| MASHPOINT STAFFING AGENCY, ) | |
| ) | |
| Defendant. ) | |

## AMENDED COMPLAINT

Plaintiff Michael Aletum (hereinafter "Plaintiff Aletum," "Mr. Aletum," or "Plaintiff"), by and through his attorneys, hereby files this Amended Complaint against Defendant Mashpoint Staffing Agency (hereinafter "Defendant," or "Mashpoint"). Plaintiff seeks relief pursuant to the Americans with Disabilities Act ("ADA"), as amended, 42 U.S.C. § 12101 *et seq.*, and seeks damages including, but not limited to, declaratory, injunctive, and other equitable relief; compensatory and punitive damages; and litigation expenses and reasonable attorneys' fees based on Defendant's discriminatory, harassing, retaliatory, and otherwise unlawful actions against Plaintiff Aletum.

### JURISDICTION AND VENUE

1. This Court has jurisdiction over the subject matter of this Complaint pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 1981.

2. Plaintiff has exhausted all administrative remedies prior to filing suit.

1

3.      Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b) in that all or some events or omissions giving rise to Plaintiff's claims occurred in this judicial district and Defendant may be found in this judicial district.

## PARTIES

4.      Plaintiff Aletum is deaf of hearing and is a resident of the State of Maryland.

5.      Defendant Mashpoint Staffing Agency is an employer within the meaning of the Americans with Disabilities Act ("ADA"), as amended, 42 U.S.C. § 12101 *et seq.*, under which Plaintiff brings his claims.

## FACTS

6.      Mr. Aletum attended Regina Pacis College in Mutengene, Cameroon from 1999-2003 for his General Studies and Montgomery College in Rockville, Maryland from 2008-2012 for EL 104 Courses.

7.      From 2005-2013, Mr. Aletum held various food industry and warehouse positions across several organizations and companies including grill operator, cook, cashier, and dishwasher for Bon Appétit in Washington, D.C. (2005-2006); grill operator, cook, and food preparer/busboy for University of Maryland, College Park (2007-2008); utility worker/porter, assembler, and dish room worker LSG Sky Chefs in Washington, D.C. (2010-2012); grill operator, pizza maker, and cashier for Jerry's Subs and Pizza in Fulton Maryland; and package handler for FedEx Ground Package System, Inc. in Chantilly, Virginia. Mr. Aletum held various duties in his food industry related employment including cooking and preparation of food, cleaning duties for food and nonfood related facilities and equipment, grill and fryer operations, and cashier duties. Mr. Aletum also held duties in his mailing and shipment related employment including training of new

employees; experience with conveyor belts and shipment related equipment; ensuring accuracy of shipping labels; removal of defective or completed product; and stocking and loading packaging.

8. From 2013-2014, Mr. Aletum worked as a package handler for FedEx Express Package System, Inc. for the Baltimore Washington International Airport ("BWI"). His duties included: ensuring the use of safety procedures when handling packages; loading and unloading aircraft containers and company vehicles in a safe and efficient manner; ensuring all cargo was properly secured; locating sorting information on packages; using phasar/cosmos trackers, scans, and sorts packages according to service type and destination in compliance with established procedures; scanning packages according to prescribed procedures; remaining current on phasar/cosmos tracking methods and shipping requirements as needed; completing systematic transactions such as stocking, receiving, transfers, returns, etc., when assigned to stock supply area (when in stock supply, maintaining inventory of personal uniforms and safety equipment in accordance with corporate standards); scanning materials for system records matching, packaging, and obvious physical damage/defects; performing inventory stock audits when assigned to stock supply area; manually sorting packages and documents to appropriate slide, line, belt and/or container for final distribution; cleaning company vehicles; and repairing and painting drop boxes to ensure compliance with corporate appearance standards.

9. From 2014-2015, Mr. Aletum worked as a utility worker and floor equipment operator for Didlake, Inc. in Silver Spring, Maryland. His duties included: gathering and emptying trash bins; cleaning building floors by sweeping, mopping, or vacuuming; cleaning restrooms and stocking them with supplies; keeping buildings secure by locking doors; cleaning spills and other hazards with appropriate equipment; washing windows, walls, and glass; order cleaning supplies;

making minor repairs in buildings such as changing light bulbs; and notifying managers when a building needed major repairs.

10. Since 2015, Mr. Aletum has worked as a warehouse supervisor/order builder for Coco-Cola Refreshments, Inc. in Hanover, Maryland. His duties include: responsibility for supervising the warehousing and shipping of incoming and outgoing materials; supervising warehouse personnel; staff training, evaluating, and developing team members; supervising the daily activities of the warehouse; scheduling warehouse team members to meet facility demands; allocating necessary space for stock rotation; assisting and maintaining appropriate inventory levels and product loss control; overseeing shipping and receiving functions; securing company assets; and managing within labor and OPEX budget.

11. On or around July 25, 2019, Mr. Aletum applied for the position of supplier manager with Defendant.

12. On November 1, 2019 at 5:33 p.m. EST, Mr. Aletum received a voicemail from Defendant's Recruiter Manager Ms. Sonia though Purple Video Relay Service ("PVRS"), a service that provides American Sign Language ("ASL") interpreters to deaf people over video phone. Ms. Sonia learned Mr. Aletum was deaf as PVRS makes callers aware of their recipients' hearing impairments.  At 5:35 p.m. EST the same day, Mr. Aletum received another voicemail with Defendant's offering him the position of supplier manager.

13. On November 4, 2019, Mr. Aletum called Ms. Sonia to accept the job offer. However, Ms. Sonia left a voicemail through PVRS the same day at 2:03 p.m. EST stating that Defendant was no longer offering the position to Mr. Aletum upon being made aware that Mr. Aletum was deaf.  Mr. Aletum did not speak to anyone else at Mashpoint.

14. In early May 2021, Mr. Aletum filed a Charge of Discrimination with the U.S. Equal Employment Opportunity Commission ("EEOC"). On May 13, 2021, the EEOC issued Mr. Aletum a Right to Sue Letter.

## COUNT I
### Violation of the Americans with Disabilities Act ("ADA"), as amended
### 42 U.S.C. § 12101 *et seq.*
### Disability Discrimination

15. Plaintiff realleges and incorporates by reference the above paragraphs as if fully stated herein.

16. The Americans with Disabilities Act states that it is unlawful for a covered entity to discriminate on the basis of disability against a qualified individual in regard to any term, condition or privilege of employment. 29 C.F.R. § 1630.4(a). Pursuant to the ADA Amendments Act of 2008, "disability" is defined as: (1) a physical or mental impairment that substantially limits a major life activity; or (2) a record of a physical or mental impairment that substantially limited a major life activity; or (3) being regarded as having such impairment. 42 U.S.C. § 121002(2). Under the Americans with Disabilities Act, an employer is required to make reasonable accommodation to the known physical or mental limitations of an "otherwise qualified" employee with a disability, unless the accommodation would impose an undue hardship. 29 C.F.R. § 1630.9. The term "qualified" means that "the individual satisfies the requisite skill, experience, education and other job requirements of the employment position such individual holds or desires and, with or without reasonable accommodation, can perform the essential functions of such position." 29 C.F.R. § 1630.2(m).

17. At all pertinent times, Defendant was an employer subject to the provisions of the Americans with Disabilities Act ("ADA"), as amended, 42 U.S.C. § 12101 *et seq.*

18. At all pertinent times, Plaintiff was an employee entitled to protection under the Americans with Disabilities Act ("ADA"), as amended, 42 U.S.C. § 12101 *et seq.*

19. Plaintiff is an individual with a physical disability and was otherwise qualified for the supplier manager position and capable of performing the essential functions of the position. In violation of the Americans with Disabilities Act, 42 U.S.C. § 12101 *et seq.*, Defendant knowingly and intentionally discriminated against Plaintiff because of his disability when (1) Defendant gave Plaintiff a job offer on November 1, 2019, (2) Defendant learned of Plaintiff's physical disability upon leaving a voicemail through PVRS on November 1, 2019, and (3) when Defendant abruptly rescinded its offer on November 4, 2019 in order to exclude Plaintiff from further consideration for the position. Defendant discriminated against Plaintiff because he is disabled and, thus, has violated the Americans with Disabilities Act.

20. As a result of such acts, Plaintiff has suffered damages including loss of position and income of seventy-five thousand to eighty thousand dollars ($75,000.00 - $80,000.00) and emotional distress, embarrassment, anxiety, nervousness, stress, and depression.

21. Defendant had no legitimate business reason for any such acts.

22. Plaintiff is informed and believes, and based thereon, alleges that, in addition to the practices enumerated above, Defendants may have engaged in other discriminatory practices that are not yet fully known.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff Aletum prays as follows:

A. That the Court issue an Order declaring Defendant violated the Americans with Disabilities Act ("ADA"), as amended, 42 U.S.C. § 12101 *et seq.*, and declaring Plaintiff eligible to receive equitable and other relief;

  B. Enter judgment against Defendant;

  C. Issue a permanent injunction prohibiting Defendant from engaging in any further acts of discrimination, harassment, and retaliation;

  D. Enter judgment in favor of Plaintiff against Defendant for all equitable monetary damages available under the law;

  E. Order Defendant to refrain from any action against Plaintiff, or any other person, for participating in or supporting this case in any manner;

  F. Order Defendant, individually and collectively, to pay compensatory and punitive damages in the amount of three hundred thousand dollars ($300,000.00);

  G. Order Defendant to pay Plaintiff's reasonable attorneys' fees, expert fees, and costs; and

  H. Order Defendant to pay pre-judgment and post-judgment interest as provided by law.

## JURY TRIAL DEMAND

Plaintiff demands a jury trial on all claims against Defendant.

Date: January 20, 2022    Respectfully submitted,

           */s/ David A. Branch*
           David A. Branch, D.C. Bar No. 438764
           Law Office of David A. Branch & Associates, PLLC
           1828 L Street, N.W., Suite 820
           Washington, D.C. 20036
           Phone: (202) 785-2805
           Fax: (202) 785-0289
           Email: davidbranch@dbranchlaw.com